Read, J.
The only question necessary to be considered in this caséis, whether the lands sold were sufficiently described in the listing for taxation to pass the title under the sale. The listing is for 333 acres, in an original survey of 1,000, without specifying in what-part of it. It is sought to cure this defect of description in the listing, by the description and recitals in the deed, describing the land as the one equal undivided third part of the original survey, and reciting that it was held by Hector McNeal, Nathaniel Massie, and David Shields, as tenants in common. The original survey was patented to Hector McNeal, Joseph Watkins, and Robert Watkins, as tenants in common. The interest claimed, under the tax deed, is that of Hector McNeal. If the descriptions and recitals in the tax deed were of absolute force, and could not be contradicted, the complainant would be entitled to the relief sought, under the statute, which authorizes the purchasers at tax sale, of an undivided-interest, to have partition among the tenants in common. But the late decision of this court, which gives effect to tax deeds, without other proof to support them, by ^virtue of the statute, which declares they shall be prima facie evidence of title, does not prevent such deed being questioned and set aside, by showing that the requisitions of the statute, authorizing and prescribing the mode of tax sales, had not been complied with. It merely changes the onus of proof. If the description in the listing, then, be not sufficient, it may be shown to destroy the deed ; nor can such defect be cured by the description and recitals in the deed, or other proof. The land listed for taxation must be described with sufficient certainty to point out what particular land—and the description in the deed is limited to the description in the listing. Now, it might be contended, with much reason and force, that it being the duty of the *23 owner to list his land for taxation, he ought not to bo permitted to question a tax deed, by showing that ho failed to perform his duty, by giving a wrong or too vague description. It would have been well in the first instance, perhaps, to have hold this doctrine, but the opposite principle has been always observed, and been too frequently asserted to be disturbed, except by legislative interference, which would give it only a prospective effect.
But, it is contended that the land sold for taxes, in the present instance, actually was an interest held among tenants in common, and that, on proof of that fact, the purchaser is entitled, under the statute, to his relief. This is not the question. The point is, was the undivided interest, in the original survey, described with sufficient certainty, in the listing for taxation ? It is not'described in the listing as land held in common—not as an undivided interest of 333 acres in the original survey of 1,000—but simply as 333 acres, somewhere in the original survey of 1,000, without specifying in what part of such survey. It is precisely the same as the case of Lafferty’s Lessee v. Byers, 5 Ohio, 458. That was a listing of 73 acres, in a survey of 170. It was held not to be sufficiently certain, and numerous decisions support the same principle, and it has never been otherwise decided.
*We hold, therefore, that the tax deed is invalid, because the land was not sufficiently listed for taxation. The statute, which authorizes a purchaser of an interest in land, held in common, at tax sale, to have partition among the tenants., was not designed to aid imperfect description in the listing.
There was another objection urged to the validity of the deed, which, from the view now taken, it is not necessary, for the purposes of this case, to consider.
But Yeoman is entitled to the relief, under the statute, furnished to purchasers at tax sales, to recover back the money paid.
Bill dismissed.